IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELMIS MOJICA-MENDOZA, ) | |
| ) | |
| Petitioner, ) | Case No. 3:24-cv-41 |
| v. ) | Judge Stephanie L. Haines |
| ) | Magistrate Judge Christopher B. Brown |
| FCI LORETTO WARDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

Presently before the Court is an Amended Petition for Writ of Habeas Corpus filed *pro se* by Petitioner Delmis Mojica-Mendoza ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 19. Petitioner contends that he is entitled to Earned Time Credits ("ETCs") under the First Step Act (the "FSA"), and that the Bureau of Prisons has acted contrary to law by denying him ETCs. ECF No. 19, pp. 1–2. Petitioner sets forth that the FSA enumerates criteria that render an individual ineligible for ETCs; Petitioner argues that because he is not subject to a final order of removal and was convicted of drug-related offenses under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) he does not fall within the enumerated criteria and thus remains eligible for ETCs under the FSA. *Id.*

This matter was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U. S. C. § 636, and Local Civil Rule 72.D. On August 1, 2024, Magistrate Judge Brown filed a Report and Recommendation, ECF No. 17, recommending that Petitioner's Petition for Writ of Habeas Corpus at ECF No. 3 be dismissed. Magistrate Judge Brown correctly explained that Petitioner is statutorily ineligible to earn FSA time credit as "the sentencing court found that Petitioner was an 'organizer, leader, manager, or supervisor' as determined by the Sentencing Guidelines." ECF No. 17, pp. 2–3 (citing ECF No. 12). Petitioner was advised he could file objections to the Report and Recommendation by August

1

20, 2024, but he failed to do so. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On January 13, 2025, this Court issued a Memorandum Order adopting in whole Magistrate Judge Brown's Report and Recommendation as supplemented therein. ECF No. 18.

On March 12, 2025, Petitioner filed the instant Motion, an Amended Petition for a Writ of Habeas Corpus, ECF No. 19. Magistrate Judge Brown denied Petitioner's Motion on April 2, 2025, ECF No. 20, and Petitioner appealed that decision to the Third Circuit Court of Appeals. ECF No. 24.

The Third Circuit dismissed Petitioner's appeal for lack of appellate jurisdiction and noted that Petitioner's Amended Petition should be treated as a Motion for Reconsideration under FED. R. CIV. P. 59(e). ECF No. 26, pp. 1–2 (citing the fact that this Court did not set forth its January 13, 2025, Order in a separate document pursuant to FED. R. CIV. P. 58 and that a Magistrate Judge is not authorized to rule on a request for Rule 59(e) relief when he or she is not acting pursuant to the parties' consent). Thus, the Third Circuit explained that Magistrate Judge Brown's April 2, 2025, Order, ECF No. 20, denying Petitioner's Amended Petition for a Writ of Habeas Corpus should be treated only as a recommendation to this Court; thus, Petitioner's Motion at ECF No. 19 remains pending before this Court. ECF No. 26, p. 2.

On September 9, 2025, Magistrate Judge Brown issued a Report and Recommendation, ECF No. 27, regarding Petitioner's Motion at ECF No. 19—construed as a Motion for Reconsideration in accordance with the Third Circuit's August 13th Order. Therein, Magistrate Judge Brown recommended that Petitioner's Motion at ECF No. 19 be denied due to: (1) the fact that Petitioner failed to identify in his Motion a change in the law, the availability of new evidence, or the need to correct a clear error and (2) the fact that Petitioner raised "the exact same issues which were previously denied on their merits." ECF No. 27, p. 6. Therefore, Magistrate Judge

Brown recommended that Petitioner's Motion at ECF No. 19 be denied, and final judgment be entered. *Id.* Petitioner was advised he could file objections to the Report and Recommendation by September 24, 2025. Petitioner has not filed any objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation, ECF No. 27, under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Magistrate Judge Brown correctly explained that Petitioner is statutorily ineligible for ETCs under the FSA, and that he failed to demonstrate a change in the law, the availability of new evidence, or the need to correct a clear error in his Motion at ECF No. 19—rendering that Motion an attempt to relitigate issues that were previously decided on their merits.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 24th day of November 2025, IT IS HEREBY ORDERED that Petitioner's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 19—construed as a Motion for Reconsideration under FED. R. CIV. P. 59(e)— is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation, ECF No. 27, is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

BY THE COURT:

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge